Pados v City of New York (2021 NY Slip Op 01855)





Pados v City of New York


2021 NY Slip Op 01855


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Renwick, J.P., Mazzarelli, Singh, González, JJ. 


Index No. 162661/14 Appeal No. 13416 Case No. 2020-03286 

[*1]Daniel Pados, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
London Fischer LLP, New York (Michael J. Carro of counsel), for respondents.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered February 21, 2020, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment on his claim pursuant to Labor Law § 240(1), unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff, a journeyman ironworker at the Hudson Yards project, was injured when a piece of rebar fell from 30 feet above, striking him. In moving for summary judgment on his Labor Law § 240(1) claim, plaintiff was not required to show the exact circumstances of how the rebar came to strike him, as his testimony, that a coworker was working with rebar 30 feet above him on the same column immediately before the accident, was sufficient evidence that the rebar, whether it was dropped or fell in some other manner, was material requiring securing (see Salcedo v Sustainable Energy Options, LLC, 190 AD3d 439 [1st Dept 2021]; Albuquerque v City of New York, 188 AD3d 515 [1st Dept 2020]; Diaz v Raveh Realty, LLC, 182 AD3d 515 [1st Dept 2020]; Humphrey v Park View Fifth Ave. Assoc. LLC, 113 AD3d 558 [1st Dept 2014]). In that plaintiff made a prima facie showing of entitlement to summary judgment on his testimony alone, the admissibility of his coworker's unsigned deposition transcript is a moot point. Defendants failed to adduce any evidence raising a question of fact to warrant denial of plaintiff's motion. In light of the foregoing, plaintiff's Labor Law § 241(6) claim is academic (see Jerez v Tishman Constr. Corp. of N.Y., 118 AD3d 617 [1st Dept 2014]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021